IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>ROBERT A. TATE,<br>Defendant. | Case No. 14–CR–40073 |

## **ORDER**

Before the Court is Defendant Robert A. Tate's pro se Motion to Reduce Sentence, (ECF No. 128), his Supplement, (ECF No. 129), and his Motion for Status and Notice of Change of Address, (ECF No. 130). The Court did not order the Government to respond.

Tate asks whether he is eligible for two sentence reductions:

1. "I was sentenced in Aug. 2015. Do I qualify for the 2 level reduction for drug offenders[?]"

2. "Do I qualify for the . . . reduction under the First Step Act for distribution under First Step Act B1C[?]"

(Tate's Mot. at 1).

The Sentencing Reform Act of 2015 allows the Court to use a so-called safety valve to impose a sentence below an otherwise required mandatory minimum in the case of certain low-level drug offenders. *See* 18 U.S.C. § 3553(f). It does this by reducing the person's offense level under the Federal Sentencing Guidelines by two points. *See* U.S. Sentencing Guidelines Manual §§ 2D1.1(b)(18), 5C1.2.

The First Step Act made more sentencing reforms. For example, Section 401 reduced the length of certain mandatory minimum penalties and the types of prior offenses that can trigger enhanced penalties. *See* Pub. L. No. 115-391, 132 Stat. 5194, 5220 (Dec. 21, 2018). Section 402

broadened the safety valve established in the Sentencing Reform Act by changing the conditions under which it applies. *See id.* at 5221. And Sections 403 and 404 involved changes to penalties for possessing a firearm and crack offenses respectively. *See id.* at 5221–22.

Neither the Fair Sentencing Act nor the First Step Act is relevant to Tate. He was indicted with two methamphetamine-related offenses. (*See* Indictment at 1–2, ECF No. 1). The Government never sought an enhanced sentence, so Tate faced a statutory sentencing range of 0-to-20 years with no mandatory minimum. (*See* Third Revised PSR at 17, ECF No. 112). The sentencing range suggested by the Guidelines Manual was 140 to 175 months, (*id.*); and the Court ultimately imposed a 156-month term of imprisonment, (Judgment at 2, ECF No. 116). In sum, Tate is not eligible for a sentence reduction under either statute: He did not receive a mandatory minimum sentence, so the safety valve was inapplicable; and he was not convicted of a firearm or crack offense. The Court therefore **DENIES** his motions.

    **IT IS SO ORDERED.**

**Dated: Friday, July 23, 2021**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**
