IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 14-cr-40073-JPG |
| ROBERT A. TATE, | |
| Defendant. | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on consideration of defendant Robert A. Tate's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 133). Counsel voluntarily appeared for the defendant and has moved to withdraw because he does not believe the defendant is eligible for a reduction (Doc. 137). *See Anders v. California*, 386 U.S. 738, 744 (1967). The Government has responded to counsel's motion indicating it agrees that the defendant is not eligible for a reduction (Doc. 139). The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

A jury found the defendant guilty of one count of conspiracy to manufacture methamphetamine and one count of distribution of methamphetamine. The Court found Tate was a career offender and sentenced him to serve 210 months in prison. The Court of Appeals vacated that sentence because the Court had erroneously found one of Tate's prior convictions was a controlled substance offense supporting career offender status. On remand, the Court resentenced Tate without the career offender enhancement.

At the resentencing, the Court adopted the presentence investigation report's relevant

conduct finding of more than 400 grams of a mixture and substance containing methamphetamine, *see* 3d Rev. PSR ¶ 24, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 28. The defendant was in criminal history category VI based on his accumulation of 15 criminal history points, 2 of which were assessed because he was under a criminal sentence when he committed the offenses of conviction ("status points"). *See* 3d Rev. PSR ¶ 52-54. This yielded a guideline sentencing range of 140 to 175 months in prison. The Court imposed a sentence of 156 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence. Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points. For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2] Amendment 821 is retroactive. *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent

---

[1] Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2014 version.
[2] Part B of Amendment 821 concerns defendants with no criminal history points. This does not apply to the defendant because he was assessed criminal history points.

with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   Amendment 821 did not lower the defendant's guideline sentencing range.   It is true that it reduced the defendant's criminal history points from 15 to 14, but he still falls within criminal history category VI.   *See* Sentencing Table, U.S.S.G. Ch. 5 Pt. !.   Thus, Amendment 821 did not result in a lower criminal history category, and it did not lower the defendant's guideline sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 137) and **DENIES** Tate's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 133).   AFPD Ankoor Shah is terminated as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   June 3, 2024**

> s/ J. Phil Gilbert
> **J. PHIL GILBERT**
> **U.S. DISTRICT JUDGE**